CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Maya.Karwande@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ALBERTO HIDALGO REBOLLEDO,<br><br>Defendant. | ) | Case No. 24-CR-00393-HSG<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Sentencing Date: September 2, 2026<br>Time: 2:00 p.m. |

On July 11, 2024, the grand jury returned a two-count indictment charging Rebolledo with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).[1] On November 5, 2025, Rebolledo pleaded guilty to the charges in the indictment.

Rebolledo will come before the Court for sentencing on September 2, 2026. The government respectfully recommends a sentence of 39 months as sufficient but not greater than necessary under the § 3553(a) factors.

## I. FACTUAL BACKGROUND

The government agrees with the summary of the offense conduct in the PSR. In sum, Rebolledo

[1] On that same day, the Grand Jury returned indictments in related cases *United States v. Juarez et. al.* (24-CR-392-HSG), *United States v. Rascon* (24-CR-395-HSG), and *United States v. Palafox* (24-CR-395-AMO).

delivered large quantities of methamphetamine for a methamphetamine dealer ("Dealer 1"). Rebolledo also sold smaller quantities of methamphetamine. Between August 2022 through May 2023, on at least three occasions Rebolledo delivered large quantities of methamphetamine on behalf of Dealer 1, coordinated logistics with the buyer (an undercover officer), and picked up cash in exchange. These deals were on August 3, 2022 (ten pounds methamphetamine in exchange for $11,000), January 31, 2023 (five pounds methamphetamine in exchange for $5,500), and May 4, 2023 (two pounds of methamphetamine in exchange for $2,500). *See* PSR ¶¶ 11-16. During the January 31, 2023 deal, Rebolledo had a beer with the UC and talked to the UC about the per pound prices Rebolledo got from Dealer 1. On March 24, 2023, Rebolledo was arrested by the Salinas Police Department with two bags of methamphetamine weighing 57.54 grams, two small scales, a small tray containing clear plastic bags, $1,514 and a small book that appeared to be a pay and owe sheet. PSR ¶ 17. Rebolledo was charged in Monterey County with possession of a controlled substance for sale in violation of California Health and Safety Code § 11378 and on July 30, 2024, he pleaded guilty to the charge. Rebolledo was sentenced to 180 days jail and 2 years' probation. *Id.* ¶ 41.

## II. GUIDELINES CALCULATION

The government calculates the Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level | §2D1.1(a)(5)(c)(A) | 32 |
| Minor Role | §3B1.2 | -3 |
| Acceptance | §3E1.1 | -3 |
| Special Characteristics | §2D1.1(b)(18) | -2 |
| Total Offense Level | | 24 |

The government and Probation agree that Rebolledo is CHC II. A CHC II and a total offense level of 24 result in a range of 57-71.

### A. Rebolledo was not a "minimal" participant

The government agrees that a mitigating role reduction of 3 points is appropriate, but disagrees with Probation that Rebolledo is a "minimal" participant entitled to a 4-point reduction.

Rebolledo delivered large quantities of methamphetamine on behalf of Dealer 1 on multiple occasions and was a trusted deputy. Dealer 1 identified Rebolledo as someone the UC could reach out to get methamphetamine from. JAR-000011. Rebolledo was trusted with large quantities of cash in addition to delivering drugs. For example, after the January 31, 2025 deal, Rebolledo was trusted with $5,500 that he was responsible for bringing back to Dealer 1. Rebolledo talked to the UC at length during that January 2025 deal, telling the UC that Rebolledo got a price of $900 per pound from Dealer 1 and that Dealer 1 had good product. JAR-000129 ¶ 9. Rebolledo also told the UC that he did not mess around with M30s because he knew of someone who sold M30s and was later arrested when the consumer overdosed and died. *Id.* Rebolledo also sold smaller quantities of methamphetamine, presumably supplied by Dealer 1. Rebolledo's sales are indicated by his knowledge of Dealer 1's per pound rates, and his possession of scales, baggies, a notebook that appeared to be a pay-owe sheet, and distribution quantities of methamphetamine during the March 2023 arrest that led to the state possession with intent to distribute charge, to which he pleaded guilty.

A minimal participant reduction, as clarified by Amendment 833 to the Guidelines, is warranted if "the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." U.S.S.G. § 3B1.2(a), *see* U.S. Sentencing Commission, *Official Text of Amendments to the Sentencing Guidelines* (April 30, 2025), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf,Subpart 2 (Special Instruction Relating to §3B1.2). The policy goal behind this amendment was to encourage broader use of § 3B1.2 in drug trafficking cases. *Id.* at 8. To this end, the government agrees that Rebolledo that a three-point mitigating role reduction is appropriate given his role. But, Rebolledo was not at the very lowest level of courier drug trafficking functions, for example, a one-time drug deliverer. S*ee e.g. United States v. Maciel*, 789 F. Supp. 3d 934, 937 (S.D. Cal. 2025) (applying Amendment 833 and the minimal role reduction to courier who was paid $700 on a single occasion to drive a large quantity of fentanyl across the US-Mexico border). Rebolledo was a trusted repeat player whose role included and went beyond, being a courier.

## III. SENTENCING RECOMMENDATION

### A. Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines. *Id.* The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Here, the most important considerations are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the community and deter future conduct from the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(6).

### B. A sentence of 39 months is sufficient and not greater than necessary.

Rebolledo's crimes are serious. Rebolledo distributed large quantities of methamphetamine, which is a dangerous, deadly, and addictive drug. Rebolledo did so in part because he was himself a methamphetamine user. A sentence of 39 months' prison, followed by three years supervised release, balances the seriousness of the crime while also taking into account that he had a lower-level role in the offense and his addiction.

Rebolledo has served periods of time in jail previously for state crimes, most recently six months for possession with intent to distribute a controlled substance. A sentence of 39 months on this federal case will be a sufficiently serious sentence to deter future criminal conduct and allow Rebolledo to continue drug treatment and to establish sobriety.

//

//

//

//

## IV. CONCLUSION

The United States respectfully requests that this Court impose a sentence of 39 months' imprisonment, followed by three years' supervised release, and a mandatory $100 special assessment per count.

DATED: August 26, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*<u>/s/ Maya Karwande</u>*
MAYA KARWANDE
Assistant United States Attorney